# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# NORTHWESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| John Fitzgerald Wallette, | ) | |
| | ) | Case No.  4:09-cr-060 |
| Defendant. | ) | |

_____

The following is the court's order regarding its *in camera* inspection of the documents produced pursuant to a Fed. R. Crim. P.17(c) subpoena to the North Central Human Service Center, in Minot, North Dakota.

A number of the records reference confidential communications between the juvenile victim and a licensed psychotherapist for purposes of diagnosis or treatment.  Under Fed. R. Evid. 501, these communications are subject to the federal psychotherapist-patient privilege recognized by the United States Supreme Court in Jaffee v. Redmond, 518 U.S. 1 (1996).[1]  Since Jaffe, the lower federal courts have split over whether the privilege in this context is absolute or whether it is subject to a balancing with a criminal defendant's constitutional rights.  Compare, e.g., United States  v. Shrader, 716 F. Supp. 2d 464 (S.D. W. Va. 2010) (holding the privilege to be absolute and discussing relevant cases); with United States v. Mazzola, 217 F.R.D. 84 (D. Mass. 2003) (holding that the privilege must be balanced against a criminal defendant's rights to effectively prepare and cross-examine witnesses).

---

[1] The federal psychotherapist privilege established by Jaffee is broader than North Dakota's privilege to the extent the federal privilege covers confidential communications with social workers providing psychotherapy.  Jaffee, 518 U.S. at 15-16.  North Dakota's psychotherapist privilege extends only to confidential communications with psychiatrists and licensed psychologists.  State v. Clark, 1997 ND 199, ¶¶ 29-30, 570 N.W.2d 611 (1997); N.D. R. Evid. 503(a)(3).

It appears the Eighth Circuit is among those courts that read Jaffee as establishing an absolute privilege that precludes balancing with a criminal defendant's constitutional rights. See Johnson v. Norris, 537 F.3d 840, 845-47 (8th Cir. 2008) (rejecting a state habeas petitioner's argument that the denial of access to the psychiatric records of a witness violated the Confrontation Clause and rejecting the argument that production of psychotherapy records not in the government's possession was required under Brady); Newton v. Kemna, 354 F.3d 776, 785 (8th Cir. 2004) (concluding that a balancing of the privilege with the constitutional rights of the accused is the kind of balancing that the Supreme considered and rejected in Jaffee). Consequently, absent an explicit waiver of the privilege, the court will not allow disclosure of the confidential communications that are subject to the psychotherapist-patient privilege.

However, there is other information in the North Central Human Service Center records that is not the product of privileged psychotherapist communications, including, for example, separate communications between Service Center staff and the juvenile's mother. Some of this information appears to be material for purposes of production pursuant to Rule 17(c).[2] Consequently, counsel for the defendant and for the United States will be allowed to inspect and copy the records that contain this information with redactions as necessary for the communications that are subject to the psychotherapist-patient privilege. See Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Herrick, No. CR. 09-40096, 2009 WL 2985591, **2-3 (D.S.D. Sept. 17, 2009); cf. United States v. El-Alamin, 574 F.3d 915, 926-927 (8th Cir. 2009).

---

[2] This does not mean the information will necessarily be admissible at trial.

The inspection and copying by counsel of the records from the North Central Human Service Center pertaining to the juvenile victim ("Confidential Information") shall be subject to the following requirements:

1. Counsel for the defendant and the United States who inspect or copy the Confidential Information shall at all times keep the Confidential Information confidential and not disclose it to third persons, except as authorized by this order. Counsel are subject to sanctions for any breach of the confidentiality provisions of this order.

2. Counsel may provide access to the Confidential Information to staff and any expert witnesses, but only on a strictly "need-to-know" basis and only after such persons have signed a written acknowledgment agreeing to keep the Confidential Information confidential and agreeing to be bound by the jurisdiction of this court with respect to the imposition of sanctions in the event of a failure to maintain the confidentiality of the Confidential Information.

3. The Confidential Information may be used in court only with the court's permission and any filings containing Confidential Information must be under seal.

4. Upon the entry of final non-appealable judgment, counsel shall take all necessary steps to insure that all copies of the Confidential Information in their possession or the possession of persons who have been provided access to the information in accordance with this order have been shredded and destroyed and shall file a certification with the court that this has been done.

5. Due to the highly personal and sensitive nature of the information, the sanctions for any failure to maintain the confidentiality of the Confidential Information will be severe.

See 45 C.F.R. § 164.512(e)(1); cf. State v. Cashen, 789 N.W.2d 400, 409-410 (Iowa 2010).

**IT IS SO ORDERED.**

Dated this 23rd day of December, 2010.

>    */s/ Charles S. Miller, Jr.*
>    Charles S. Miller, Jr.
>    United States Magistrate Judge