**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER DENYING DEFENDANT'S** |
| vs. | ) | **APPEAL** |
| | ) | |
| John Fitzgerald Wallette, | ) | Case No. 4:09-cr-060 |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant John Fitzgerald Wallette's "Appeal from Magistrate Order" filed on January 14, 2011. See Docket No. 56. The Government filed a response in opposition to the appeal on January 18, 2011. See Docket No. 57. For the reasons set forth below, the Court denies the Defendant's appeal.

## I.    BACKGROUND

On July 15, 2009, John Wallette was indicted on one count of aggravated sexual abuse of a child in violation of 18 U.S.C. §§ 2241(c) and 1153. See Docket No. 1. On November 19, 2009, Wallette filed a "Motion to Produce Mental Health and/or Counseling Records" in which he moved for an order requiring the Government, mental health facilities, or counseling agencies to provide all mental health and counseling records of the alleged minor victim, B.W. See Docket No. 25. On December 7, 2009, the Court issued an "Order Denying as Moot Defendant's Motion to Produce Mental Health and Counseling Records." See Docket No. 29. The Court held that "[t]he mental health and counseling records which the Defendant seeks are currently en route to the United States Attorney's Office and will be promptly provided to the Defendant upon the Government's review and appropriate redaction." See Docket No. 29.

On October 7, 2010, Wallette filed a "Motion for Subpoena Duces Tecum Directing Pretrial Production of Documentary Evidence," requesting a subpoena that would require Rolette County Social Services and North Central Human Service Center to produce the following documents:

> All documents containing information about or pertaining to counseling sessions involving [B.W.] from January 1, 2008, to the present. This request includes, but is not limited to any and all counseling session notes, reports, summaries, photographs, transcripts, video tapes, audio tapes, or any other materials prepared in connection with services provided to [B.W.] by individuals at Rolette County Social Services and the North Central Human Service Center including but not limited to Tammy Ness and any other individuals providing such services.

See Docket No. 46. The Government filed a response in opposition to the motion on October 12, 2010. See Docket No. 47.

On November 10, 2010, Magistrate Judge Charles S. Miller, Jr. ordered Wallette to serve notice of the subpoena upon B.W., along with a copy of the order, on or before November 22, 2010, and stated that B.W. had 14 days to move to quash, object to, or otherwise modify the subpoena. See Docket No. 49. Judge Miller further ordered "that if no objection is received from the alleged victim by December 6, 2010, the defendant shall serve the subpoena upon Rollette [sic] County Social Services and the North Central Human Service Center." See Docket No. 49.[1] Judge Miller would then conduct an *in camera* inspection to determine what portion of the requested records are relevant and should be available to Wallette for pretrial inspection.

On December 23, 2010, Judge Miller issued an order regarding his *in camera* inspection of the documents. See Docket No. 52. Judge Miller ordered that the parties' attorneys would be allowed to inspect and copy the records that contain information not the product of the federal psychotherapist-

---

[1] It appears that defense counsel sent notice of the subpoena and the subpoena duces tecum to the county social service agency without waiting for the alleged victim to respond per Judge Miller's order. See Docket No. 50. Wallette initially requested, and Judge Miller ordered, a subpoena duces tecum be served on Rolette County Social Services. The notice and the subpoena have the word "Rolette" crossed out and the word "Pierce" handwritten above. See Docket No. 50. The city of "Rolla" is also replaced with "Rugby" in the same way. These changes appear to have been made without notice to the Court.

patient privilege.  However, the communications that are subject to the federal psychotherapist-patient privilege would be redacted.  Wallette appeals this order and requests the Court "reverse that portion of the Magistrate Judge's Order denying disclosure of what the Magistrate Judge believed was information protected by the psychotherapist-patient privilege and direct that said information be disclosed to the parties as soon as possible."  See Docket No. 56.

## II.     STANDARD OF REVIEW

Local Criminal Rule 59.1(D)(2) provides:

> Any party may appeal from a magistrate judge's determination of a non-dispositive matter in a criminal case within fourteen (14) days after being served with a copy of the magistrate judge's order, unless a different time is prescribed by the magistrate judge. (28 U.S.C. § 636(b)(1)(A) & Fed. R. Crim. P. 59(a)).  The appealing party must serve and file a written notice of appeal, which must specifically designate the order or part thereof from which the appeal is taken and the grounds for appeal.  The party filing an appeal must file with the clerk a transcript of the hearing before the magistrate judge wherein findings of fact were made.  A district judge must consider the appeal and set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.  The filing of such an appeal does not operate to stay the magistrate judge's order. . . .

## III.    LEGAL ARGUMENT

In Jaffee v. Redmond, 518 U.S. 1 (1996), the United States Supreme Court recognized a federal common law psychotherapist-patient privilege.  The Supreme Court held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." Jaffee, 518 U.S. at 15.  The privilege also extends to confidential communications made to licensed social workers in the course of psychotherapy.  Id.  The Eighth Circuit Court of Appeals has interpreted Jaffee as expressly rejecting a "balancing" approach to the psychotherapist-patient privilege:

> The [Supreme] Court did not attempt to flesh out the full contours of the privilege, but it rejected the idea that the psychotherapist-patient privilege was subject to a balancing test, and stated that "[m]aking the promise of confidentiality contingent upon a trial judge's later evaluation of the relative importance of the patient's interest in privacy and the evidentiary need for disclosure would eviscerate the effectiveness of the privilege."

Newton v. Kemna, 354 F.3d 776, 784 (8th Cir. 2004) (quoting Jaffee, 518 U.S. at 17).

Wallette contends that the psychotherapist-patient privilege is personal. Since neither the alleged victim nor anyone acting on the child's behalf asserted the privilege, Wallette argues that the privilege has been waived and the records must be produced. The Government contends that merely not asserting the privilege does not waive it, but instead the patient must specifically waive the privilege. Judge Miller's order holds that "absent an explicit waiver of the privilege, the court will not allow disclosure of the confidential communications that are subject to the psychotherapist-patient privilege." See Docket No. 52.

In Jaffee, the Supreme Court analyzed the confidential communications protected by the psychotherapist-patient privilege in light of the protection afforded by other privileges, including the attorney-client privilege. The attorney-client privilege is personal and can generally only be asserted by the client. United States v. Hatcher, 323 F.3d 666, 674, n.2 (8th Cir. 2003) (citing United States v. Fortna, 796 F.2d 724, 732 (5th Cir. 1986)). As a personal privilege, only the client or the client's agent has the authority to waive the attorney-client privilege.

This case presents unusual facts. The alleged victim/patient is a minor child who is apparently under the care, custody, and control of a county social service agency.[2] The Court has carefully reviewed all of the pleadings and exhibits on file. It is unclear from the record which social service agency, governmental agency, guardian, or other individual could assert the psychotherapist-patient

---

[2] The Court is uncertain which county social service agency currently has care, custody, and control over B.W. Wallette's "Motion for Subpoena Duces Tecum Directing Pretrial Production of Documentary Evidence," filed on October 7, 2010, requests that a subpoena be served upon Rolette County Social Services in Rolla, North Dakota. See Docket No. 46. However, the "Notice of Issuance of Subpoena Duces Tecum Pursuant to Rule 17," filed on November 23, 2010 by defense counsel, changed the county from Rolette to Pierce. See Docket No. 50.

privilege on the child's behalf, and whether the appropriate individual or entity has ever been properly notified.  If the Court were to accept Wallette's argument that only the patient can assert the psychotherapist-patient privilege, there is no evidence in the record that B.W., or her legal guardian, was ever properly notified of Wallette's request for access to B.W.'s counseling records.  There is no evidence in the record that the privilege has ever been explicitly waived by B.W. or anyone else acting on her behalf.  The Court finds that it would be inappropriate to allow unrestricted access to the confidential portions of the alleged victim's counseling records which are clearly subject to the federal common law psychotherapist-patient privilege.  The Court further finds that Judge Miller's order dated December 23, 2010 was neither clearly erroneous nor contrary to law.

## IV.     CONCLUSION

The order of December 23, 2010, issued by Judge Miller which disallowed the disclosure of confidential communications between the alleged juvenile victim and her social worker pursuant to the federal psychotherapist-patient privilege, was neither clearly erroneous nor contrary to law.  The psychotherapist-patient privilege clearly exists under federal law which provides for an absolute privilege for such communications.  And there is no evidence before the Court that the privilege was ever waived.  Accordingly, the Court **DENIES** the Defendant's appeal (Docket No. 56).  Trial is scheduled to commence on February 1, 2011 in Minot, North Dakota.

**IT IS SO ORDERED.**

Dated this 24th day of January, 2011.

/s/  Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court

5